UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAKESH VIJ, | No. 2:19-cv-01686-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| GAVIN MEHL, | |
| Defendant. | |

On August 28, 2019, defendant Gaven Mehl, proceeding pro se, removed this unlawful detainer action from Yolo County Superior Court. ECF No. 1. Defendant also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Yolo County Superior Court and DENIES as moot defendant's motion to proceed in forma pauperis, ECF No. 2.

When a "civil action . . . of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when

1

the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot be based on an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal district court must remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant's notice of removal asserts this court has federal question jurisdiction under § 1331 because defendant's "unalienable right of due process protected by the 5th and 7th Amendment [sic]" has been violated. ECF No. 1 at 2. Defendant provides no cogent support for his claim his due process rights have been violated. *See, e.g.*, *id.* at 2−3 (claiming "[d]efendants, [sic] having no agreement with plaintiff, conspired under color of law in a nisi prius de facto quasi court of record proceeding 'in equity' and not at law and did willfully injure, oppress, defraud and deprived plaintiff [sic] of their [sic] unalienable right of due process, secured by the Bill of Rights, with the intent to proceed unlawfully carrying plaintiff away to jurisdictions unknown.") (footnotes omitted). This case arises purely under state law. *See id.* at 7−9 (complaint for unlawful detainer). With nothing in defendant's notice of removal supporting this court's jurisdiction, the court REMANDS this case to Yolo County Superior Court and DENIES as MOOT defendant's motion for in forma pauperis status.

IT IS SO ORDERED.

DATED: September 3, 2019.

_____
UNITED STATES DISTRICT JUDGE

2